The opinion of the Court was afterward drawn up by
Wilde J.
Two of the defendants, Charles Thompson and Thaddeus Coleman, have severally pleaded the statute of limitations, accompanied with answers in support of their respective pleas. The plaintiff excepts to these answers, on grounds independent of the bar set up, and referring to matter which has no tendency to avoid the operation of the statute. The defendants were bound to answer all the charges in the bill which may avoid the bar by showing a new. promise ; but they were not bound to answer to the original claim or cause of action. Where a new promise or an acknowledgment of an existing debt is charged in a bill, to avoid the operation of the statute, the defendant is bound to deny the promise or acknowledgment charged, by averment in the plea, and also by answer in support of the plea. Beames’s Pl. 164. And this i *342 necessary, because, upon argument of a plea, every fact stated in the bill and not denied by answer in support of the plea, must be taken to be true. Beames, 34 ; Roche v. Morgell, 2 Sch. & Lefr. 727 ; Coop. Pl. 228. But the defendant is not bound to answer to the original cause, because that may well be admitted consistently with the bar pleaded; and the intent of the plea is to rest the defence on a single point, which may bar the whole demand, without going into an answer as to the rest of the bill. Beames, 29. It was formerly doubted, whether the statute was a bar to a bill of discovery ; but it is now well settled, that a plea, when good to the relief, is good also to the discovery ; Beames, 170, 274 ; Welford v. Liddel, 2 Ves. sen. 400 ; Mitford, 218 ; especially if the bill is for relief as well as discovery, which was the ancient doctrine ; and at the present time the same principle applies to a bill of discovery merely. Beames, 275. In the case of Baillie v. Sibbald, 15 Ves. 185, this principle seems to be taken for granted as a well settled rule of equity. So if discovery is sought merely to support an action at law, and the case stated will not support the action, the defendant may demur. Beames, 276 ; Mitford, 152 ; 3 Bro. C. C. 155, cites Debigge v. Howe. The general principle is, that the court will not compel a discovery, unless it can be used for some beneficial purpose. We think, therefore, that there is no deficiency in these answers. All the facts charged in the bill tending to obviate the pleas; and to show a new promise, are distinctly denied ; and this is sufficient, where the pleas are to the whole bill, as they are in the present case. For these reasons, the exceptions to the answers of Charles Thompson and Thaddeus -Coleman in support of their respective pleas, must be overruled, and the pleas allowed. The plaintiff, however, will be permitted to disprove the averments in the pleas, notwithstanding their allowance, if he has evidence to show a new promise ; if no such evidence can be offered, the bill, as to these defendants, will be dismissed.[1]
*343 As to the answer of Thomas W. Thompson, it might perhaps be more full and distinct in some particulars. But as to one of the droves of cattle he fully admits his liability as a partner, and as to the other drove he expressly denies that the plaintiff had any interest in it. The exceptions seem to relate to the first drove of cattle, and are unimportant, as T. W. Thompson fully admits his liability as to that drove.
The exceptions appear to be framed with a view to draw out evidence wherewith to charge the other defendants. But such evidence could not be admitted for that purpose.
Charles Thompson denies that he was a partner. The answer of Thomas therefore cannot be read in evidence to charge him. Coleman admits that he was a partner, but denies that he owes any balance to the firm ; and on this point the answer of a partner is not evidence to prove the indebtment of a co-partner. In an action between partners to settle and adjust the partnership concerns inter se, each partner has necessarily an interest adverse to the others, and the answer of one cannot be given in evidence to increase the liability of another, as he would thereby diminish his own liability, or increase his claim on the common fund. This principle would not apply, if the plaintiff was interested in one third of the partnership property, and the three defendants were jointly interested in the other two thirds as charged in the bill. But all the defendants deny that such were the terms of the partnership ; the plaintiff therefore is bound to prove his bill by other evidence than that of the admission of one of the defendants. Such an admission would not bind the other defendants. We can therefore see no good reason to require any further answer, and the exceptions are accordingly overmled

 See Bayley v. Adams, 6 Vesey, 586; Cork v. Wilcock, 5 Madd. R. 329; James v. Ladgrove, 1 Sim. & Stu. 4 j Ferguson v. O'Hara, 1 Peters’s C. C M. 494.